UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QUILVIO D'ORVILLE ) | CASE NO. 3:24-cv-02045 (KAD) |
| *Petitioner*, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | MARCH 6, 2025 |
| *Respondent*. ) | |

### ORDER DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Kari A. Dooley, United States District Judge:

Before the Court is Petitioner Quilvio D'Orville's Motion for Leave to Proceed *in forma pauperis*. He requests to proceed in this habeas action, brought pursuant to 28 U.S.C. § 2241, without paying the $5 filing fee. Pet'r.'s Mot., ECF No. 7. For the following reasons, this motion is DENIED.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the Court must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*).

Although not required, *see* Rule 3(a)(2) Governing Habeas Petitions ("a motion for leave to proceed in forma pauperis [must include] the affidavit required by 28 U.S.C. § 1915 and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money … that the petitioner has in any account in the institution"), D'Orville submitted his motion to proceed *in forma pauperis* using the AO 240 form titled "Application to Proceed in

District Court Without Prepaying Fees or Costs," Pet'r.'s Mot. at 1, accompanied by a copy of his inmate trust fund statement for the past six months. *See* Account Statement, ECF No. 8.

D'Orville's trust fund account statement shows that he has received $1,910 in deposits in the last six months. Account Statement at 2. His average daily balance over the last six months is $534.05. *Id*. His current balance is $268.55, *id*. at 1, which is approximately half his average daily balance. D'Orville indicates in his motion that he has no regular monthly expenses, no debts, and no dependents. *See* Pet'r.'s Mot. at 2. Given the average and current balance in D'Orville's trust fund account, Account Statement at 1–2, and his lack of expenses, Pet'r.'s Mot. at 2, the Court finds that the burden of paying the $5 filing fee would neither hamper D'Orville's ability to obtain the necessities of life nor force him to abandon the action. *Adkins*, 335 U.S. at 339–40. Accordingly, D'Orville's Motion for Leave to Proceed *in Forma Pauperis* is DENIED. *See Clark v. Pappoosha*, No. 3:21CV1690 (CSH), 2022 WL 960296, at *2 (D. Conn. Mar. 30, 2022) (finding that plaintiff could pay the $402 filing fee when he had $492.70 in his trust account); *Koustas v. Williams*, No. 3:18-CV-869 (VLB), 2019 WL 8112458, at *5 (D. Conn. May 22, 2019) (finding that § 2241 petitioner was able to pay the required filing fee based on the total amount in his inmate account and his monthly income).

All further proceedings in this matter shall be held in abeyance until March 31, 2025, pending D'Orville's delivery of the filing fee in the amount of $5 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee on or before **March 31, 2025** will result in the dismissal of this action.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of March 2025.

                                              */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE